Jerold M. GORSKI and Peggy J. Gorski, Plaintiffs,

v.

Stanley TROY and Shirley Troy, d/b/a S & S Rentals, Defendant.

No. 89 C 20153.

United States District Court, N.D. Illinois, W.D.

June 5, 1989.

Roberta Holzwarth, Holmstrom & Green, Rockford, Ill., for plaintiffs.

Ann E. Fleischli, Madison, Wis., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on the plaintiff's motion for a preliminary injunction and the defendant's motion to dismiss. For the reasons set forth below, the court dismisses the complaint and the instant cause of action.

## DISCUSSION

The plaintiffs, Gerald and Peggy Gorski ("Gorskis") are presently tenants in the defendants Stanley and Shirley Troy's, apartment complex at 4550 Trevor Circle, Rockford, Illinois. According to the complaint, by letter dated March 22, 1989, the defendants notified the plaintiffs that their lease would expire as of April 30, 1989. A second letter dated April 3, 1989 was sent to the plaintiffs by the defendants to confirm that the plaintiffs would be evicted if the Gorskis did not vacate the premises by April 30, 1989. The plaintiffs protest that they are to be evicted due to their desire to house [a] foster child[ren]. Accordingly, the plaintiffs filed a suit pursuant to the "Fair Housing Act" 42 U.S.C. § 3601 *et. seq.* (West Supp.1989). In particular, the plaintiffs allege that the defendants refusal to continue renting to the plaintiffs is due to the Gorskis' request to have foster children occupying their apartment, in violation of 42 U.S.C. § 3604(a). Secondly, the plaintiffs cite the defendants' April 6, 1989 letter as a communication designed to threaten the plaintiffs and interfere with the enjoyment of their rights under the Fair Housing Act in violation of 42 U.S.C. § 3617. The complaint further requests declaratory and injunctive relief along with actual and punitive damages and fees and costs. Presently, the plaintiffs move for a preliminary injunction halting their impending eviction.

The defendants counter with a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b). The court heard the parties on both motions on May 19, 1989. The parties agreed to suspend any further actions pending the court's decision on the injunction.

Before it becomes necessary to delve into the merits of the plaintiffs' contentions, the court must determine whether the plaintiffs lack standing to sue under the Fair

Housing Act as the defendants suggest in their motion to dismiss.

Newly amended 42 U.S.C. § 3604(a) provides as follows:

> ... it shall be unlawful—(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a) (West Supp.1989).

"Familial status" is defined in § 3602(k) as follows:

> "Familial status" means one or more individuals (who have not attained the age of 18 years) being domiciled with—
>
> (1) a parent or another person having legal custody of such individuals; or
>
> (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.
>
> The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

42 U.S.C. § 3602(k) (West Supp.1989).

For purposes of the plaintiffs' standing, the important question is whether the plaintiffs attained "familial status" and thus are qualified to employ the relevant sections of the Fair Housing Act.

The defendants contend that at no time during the plaintiffs' tenancy were they "in the process of securing legal custody of any individual who has not attained the age of 18 years old." The defendants continue that in the "foster" child context, the State of Illinois retains legal custody of the child. Therefore, the defendants conclude a foster child does not qualify under § 3602(k) definition of familial status. Indeed, Jerold Gorski readily admitted that he is not and never was in the process of obtaining legal custody of a child during the pendency of his tenancy.

The court, however, does not find it necessary to pass on the question of whether foster children under all circumstances or even circumstances distinct from the instant case are precluded from inclusion in the definition of familial status. Rather, the court expressly finds that on the basis of the allegations of the instant complaint and testimony at the preliminary injunction hearing that the plaintiffs lack the requisite familial status to sue under the relevant sections of the Fair Housing Act.

In particular, assuming *arguendo* that the housing of foster children qualifies for familial status, the plaintiffs still would not qualify for familial status. While the plaintiffs are licensed to become foster parents, at no time were the plaintiffs in the process of securing an individual under the age of 18 to live with them. The plaintiffs did not allege nor testify that they had been contacted by the relevant authorities that a foster child was being delivered or assigned to them. In short, there is no evidence or allegations that the plaintiffs, while able to become foster parents, were becoming foster parents. By comparison, a fertile couple, while capable of attaining familial status, is distinct for purposes of the Fair Housing Act from a pregnant mother who does qualify for familial status. The Gorskis were only licensed to house foster children and thus no different than any other couple, or any individual, for that matter, with the potential of securing legal custody over a child. Nor does plaintiffs' licensing and stated desire to have children make a child's arrival any more imminent for purposes of familial status.

Accordingly, the court finds that the plaintiffs lack standing to sue under the relevant sections of the Fair Housing Act and therefore grants the defendants' motion to dismiss and dismisses this case.